# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-152V
Filed: August 30, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DENNIS SCHAEFER, | * | |
| | * | |
| Petitioner, | * | |
| | * | Guillain-Barré syndrome ("GBS"); |
| v. | * | influenza ("flu") vaccine; |
| | * | respondent does not contest |
| SECRETARY OF HEALTH | * | entitlement |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jeffrey S. Pop, Beverly Hills, CA, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On January 31, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that he suffered Guillain-Barré syndrome ("GBS") as a result of his receipt of influenza ("flu") vaccine on September 22, 2015. Pet. at 1.

The undersigned held the initial status conference on May 1, 2017. During the status conference, the undersigned ordered respondent to file a status report by June 30, 2017 indicating his view of the case. After requesting and receiving an extension of time, respondent filed a status report on July 31, 2017 saying he wanted to file a Rule 4(c) Report. On July 31, 2017 the undersigned ordered respondent to file his Rule 4(c) Report by August 31, 2017.

On August 30, 2017, respondent filed a Rule 4(c) Report. On page 1 of his report,

---

[1] Because this unpublished ruling contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

respondent writes "he does not contest entitlement in this matter." Resp't's Rep. at 1. Because respondent does not contest entitlement, the undersigned rules that petitioner is entitled to damages.

Petitioner made a demand on May 31, 2017. The undersigned will schedule a telephonic status conference to discuss settlement negotiations.


**IT IS SO ORDERED.**


Dated: <u>August 30, 2017</u>                    <u>s/ Laura D. Millman</u>
                                                          Laura D. Millman
                                                          Special Master

2